# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-31084
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TYRUS MIGUEL COOPER

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-138-1
USDC No. 3:05-CR-227-1

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Tyrus Miguel Cooper appeals his jury-conviction of distribution of 50 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. His sole contention on appeal is that admission of an informant's testimony that assertedly implies that Cooper threatened to kill him and his family was both irrelevant and extremely prejudicial, resulting in plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Cooper (represented by counsel here and below) now challenges the admission of the threat testimony, Cooper did not at any time object to the testimony during the trial or move to strike it and he did not otherwise present to the district court any complaints or concerns about it. Therefore, as Cooper concedes, this issue is subject to plain error review. To show plain error, Cooper must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Evidence that *a party* threatened a witness is generally admissible. *United States v. Rocha*, 916 F.2d 219, 241 (5th Cir. 1990). When it is not known who made or caused that threat, at least absent some special circumstance not present here, evidence that a witness has been threatened would generally be inadmissible. As with evidence of other crimes, wrongs or acts under FED. R. EVID. 404(b), the evidence is generally admissible "only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 108 S.Ct. 1496, 1501 (1988), citing *United States v. Beechum*, 582 F.2d 898, 912-13 (5th Cir. 1978) (en banc). However, there is no requirement that the trial court make a preliminary finding that the party committed the act – here, made the threat – *before* initially admitting evidence of the act or threat. *Huddleston*, at 1500-01.

> "Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If the proponent has failed to meet the minimal standard of proof, the trial court must instruct the jury to disregard the evidence." *Id.* at 1501-02 (footnote omitted).

2

However, "'[i]t is, of course, not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; the objector must move to strike the evidence if at the close of the trial the offerror had failed to satisfy the condition.' 21 C. Wright & K. Graham, FEDERAL PRACTICE AND PROCEDURE § 5054, pp. 269-70 (1977) (footnote omitted)." *Huddleston*, at 1501-02, n.7.

Here, the informant prosecution witness testified on direct examination that, at some unstated time, calls had been made to his house and his girlfriend's house threatening killing him and his family, but his testimony gave no indication as to who made, or was responsible for, the threatening calls or why they were made. No objection (or motion to exclude) whatever was ever made below as to this testimony, nor was any instruction to disregard, or any other instruction regarding this testimony, ever requested (or given) below.[1] The witness also testified that the defendant called him at his house a week before the trial and "told me he was subpoenaing me to come to court" and "I told him alright," and that was all that was said (except that defendant said he would call back, but never did). This call from the defendant surprised the witness, but did *not* make him "a little nervous" or "scared." This informant witness also testified he had likewise helped "bust" – in stings with the DEA – some six to 10 other area individuals, all of whom had been arrested and indicted – and was unable to say whether any of them made threats to his family and stated "I don't really know who it was making threats to my family." Another witness also testified that the threatened informant witness had helped "bust" others in other DEA stings and did not know of any of those people making threats against that informant and had not "heard anything about someone threatening to hurt

---

[1]Rule 404(b) provides that "upon request by the accused" the prosecution shall give pretrial notice of evidence of other crimes, wrongs or acts intended to be introduced at trial; the record does not reflect either that any such request was made by the defense or that no such notice was given, and no complaint of noncompliance with this provision was made at trial and none such has been made on appeal.

anybody that helped set up these deals." The defendant testified that he had not threatened the informant witness nor did he "send anybody to threaten him."

There was no evidence that the defendant made the threats mentioned by the informant witness. Consequently, the evidence of such threats should have been stricken and the jury instructed to disregard it. However, since objection was never made to the threat evidence and no instruction to disregard that evidence ( or other instruction in regard thereto) was ever requested, and no motion for mistrial or other relief in respect thereto was ever made below, review, as above noted, is only for plain error.

We hold there was error in this respect and, arguendo, even that the error was clear or obvious. However, we conclude that reversal is not called for under the plain error rule. Such improper anonymous threat testimony certainly does not call for *per se* reversal even where timely and proper objection has been made. *See, e.g., United States v. Thomas*, 86 F.3d 647, 655 (7th Cir. 1996).

Given that Cooper denied making or causing the threats, that the threatened witness never intimated that Cooper made the threats, that several others were shown to have a motive to threaten the witness, that there is no evidence Cooper was responsible for the threats, and that the prosecution never argued that he was,[2] we cannot conclude that there is any substantial likelihood that the jury found or assumed that Cooper made or was responsible for the threats. Moreover, Cooper essentially admitted his guilt of the charged offense and his own testimony – showing strong predisposition to both sell and use cocaine (albeit at least usually in smaller quantities) and ready participation in the offense, as well as nothing on the government's part materially greater than its affording the opportunity for the offense, overwhelmingly supports the verdict

---

[2]Indeed, there is no mention whatever of threats in any of the closing arguments. The threat evidence was never an important or significant part of the government's case.

of guilty and its (implicit) rejection of Cooper's entrapment defense .[3] We conclude that the error in question did not create substantial improper or unfair prejudice and did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Accordingly, the judgment of the district court is

AFFIRMED.

---

[3]*See, e.g., United States v. Ogle*, 328 F.3d 182, 185, 186 (5th Cir. 2003); *United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001); *United States v. Wise*, 221 F.3d 140, 154-55 (5th Cir. 2000).